# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**BETTY PATTERSON**                                      **Plaintiff**

**vs.**                                      **Civil Action No. 1:06CV339**

**ALCORN COUNTY SCHOOL
DISTRICT**                                      **Defendant**

## ORDER

This cause comes before the court on the motion of defendant Alcorn County School District for summary judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff Betty Patterson has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

This is a race and age discrimination case arising out of defendant's decision not to renew plaintiff's employment as a school teacher. Plaintiff was first hired by defendant to teach special education at Alcorn Central Middle School during the 2003-04 school year, and she was transferred to Biggersville Elementary during that school year, allegedly due to complaints regarding her work performance. Defendant asserts that it decided not to renew plaintiff's teaching contract based primarily upon the fact that she had failed to obtain a certification to teach special education. Plaintiff maintains, however, that the decision not to rehire her was made on the basis of her being African-American and/or based on the fact that she was sixty-two years old. Feeling aggrieved, plaintiff filed a charge of discrimination with the EEOC, and she subsequently filed the instant lawsuit in this court, alleging violations of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act.

1

Defendant has presently moved for summary judgment, contending that no genuine issue of fact exists regarding plaintiff's claims and that it is entitled to judgment as a matter of law. Plaintiff offers no direct proof of discrimination in this case, instead seeking to prove her case circumstantially based on the standards set forth by the U.S. Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Under the *McDonnell Douglas* standard, plaintiff must first establish a *prima facie* case of discrimination by establishing that she was (1) a member of a protected group; (2) qualified for the position she held; (3) discharged from the position; and (4) either replaced by someone outside the protected group or treated less favorably than employees not in the protected group. *See Pratt v. City of Houston*, 247 F.3d 601, 606 (5th Cir. 2001); *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995). If plaintiff is successful in establishing a *prima facie* case of discrimination, then the burden shifts to the defendant to produce a legitimate, nondiscriminatory justification for its actions.

If the defendant can articulate a reason that, if believed, would support a finding that the action was nondiscriminatory, then the inference of discrimination created by the plaintiff's *prima facie* case disappears and the factfinder must decide the ultimate question of whether the plaintiff has proven intentional discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511-12, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993).[1] In *Reeves v. Sanderson Plumbing Products,*

---

[1] The Fifth Circuit has recently modified the *McDonnell Douglas* formulation to permit proof that discrimination was one motivating factor among others for an adverse employment action. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305 (5th Cir. 2004). However, it appears to be incumbent upon a plaintiff to actually raise mixed-motive arguments in order to have them considered at the summary judgment stage. *See Strong v. University HealthCare System, L.L.C.*, 482 F.3d 802, 805 (5th Cir. 2007)(applying "but for" causation standard on summary judgment in a retaliation case where plaintiff had relied solely on a "pretext" theory), *see also Septimus v.*

*Inc.,*  530 U.S. 133, 134, 120 S. Ct. 2097, 2101, 147 L. Ed. 2 105 (2000), the U.S. Supreme Court

held that it is ordinarily sufficient for a plaintiff to demonstrate that an employer's stated reason

was false, in order to permit a jury to find that discrimination was the true reason for the

plaintiff's termination.  The Supreme Court noted in *Reeves,* however, that:

> [s]uch a showing by the plaintiff will not always be adequate to sustain a jury's
> liability finding.  Certainly there will be instances where, although the plaintiff has
> established a *prima facie* case and introduced sufficient evidence to reject the
> employer's explanation, no rational factfinder could conclude that discrimination
> had occurred.

*Reeves,*  530 U.S. at 134, 120 S. Ct. at 2101.

In the court's view, plaintiff is unable to establish triable fact issues regarding her race or

age discrimination claims, based on the foregoing authority.  As noted previously, plaintiff was

first hired by defendant to teach special education at Alcorn Central Middle School during the

2003-04 school year.  In her affidavit, Dianne Whitaker, special services director for the Alcorn

School District, notes that special education teachers are generally required to be certified in

special education by the State Board of Education.  Whitaker notes that plaintiff had no such

certification but that the school district was able to obtain an emergency one-year certification

from the State Board of Education which allowed plaintiff to teach during the 2003-04 academic

year.  Whitaker asserts that it was anticipated that plaintiff would complete the necessary course

work to become certified but that she had not done so by the end of the 2003-04 school year.

Defendant asserts that plaintiff's failure to become certified was the primary factor which

---

*University of Houston*, 399 F.3d 601, 607 n.7 (5th Cir. 2005).  In this case, plaintiff appears to
rely solely on a "pretext" theory, but, even assuming that the mixed-motive option is available to
her, the court concludes that this would not alter the result in this case, given plaintiff's lack of
evidence to support her claims.

motivated its decision not to offer her a contract to teach during the 2004-05 school year but that complaints regarding her job performance also informed this decision.  Whitaker asserts in her affidavit that several parents complained to the principal at Alcorn Central Middle School regarding the quality of teaching provided by plaintiff, and Whitaker states that she received complaints from administrators at the school regarding plaintiff's inability to maintain discipline in the classroom.  Whitaker states that, as a result of these complaints, she (along with another administrator) decided to transfer plaintiff to Biggersville Elementary school in the middle of the 2003-04 school year.  In her affidavit, Biggersville Elementary principal Gina Smith asserts that plaintiff continued to struggle in performing her teaching duties at her new school and that, as a result, the school hired an assistant teacher to assist her.  Specifically, Smith asserts that:

> In an effort to help Ms. Patterson succeed, the district hired an assistant teacher for her classroom, but Ms. Patterson still had difficulties performing her duties in a satisfactory manner.  Ms. Patterson often failed to maintain order and discipline in her classroom.  Additionally, Ms. Patterson had difficulty creating and maintaining a grade book, which is a basic requirement for any teacher in the school.  There were also several occasions in which Ms. Patterson failed to show up for various assigned duties, such as cafeteria duty or outside duty, and one instance in which Ms. Patterson failed to show up for work one day without prior notification. . . . On one occasion, Ms. Patterson struck a child on the arm, resulting in a letter of reprimand.  When I confronted Ms. Patterson about the incident, she acknowledged that her actions were inappropriate.  By the end of the year, some of the parents in Ms. Patterson's classroom were complaining about [her] job performance and threatening to remove their students from the special education program if [she] was retained as a teacher.

Smith asserts that she decided not to recommend that plaintiff be re-hired as a teacher for the 2004-05 school year based primarily upon the fact that plaintiff had failed to become certified but that the aforementioned incidents also cast doubt upon plaintiff's competence as a teacher.

In the court's view, this evidence strongly suggests that plaintiff was not certified, and

thus not qualified, to teach special education and that she is thus unable to establish a *prima facie* case of either race or age discrimination. Indeed, plaintiff appears to tacitly concede this point by noting that she was certified to teach elementary school children outside of the special education context. This ignores the fact, however, that plaintiff was specifically hired to teach special education. Plaintiff also complains that defendant's refusal to re-hire her prevented her from being able to afford the required special education coursework. This is a curious argument, suggesting that defendant was somehow obligated to hire an individual who lacked the basic certification for a job, in order that she could afford to become certified. Clearly, it is incumbent upon a job applicant to obtain the necessary certification for the job in question, and it is not the responsibility of the employer to ensure that the applicant has the funds to do so. Moreover, the mere fact that defendant obtained an emergency one-year certification from the State Board of Education does not mean that it was obligated to do this each subsequent year. Indeed, the emergency and temporary nature of the certification suggests that it was an exceptional certification upon which plaintiff had no reason to rely in subsequent years.

Even if plaintiff were somehow able to establish a *prima facie* case of race or age discrimination, the court would conclude that the aforementioned evidence constituted a legitimate, nondiscriminatory reason supporting defendant's decision not to re-hire plaintiff. The court would further conclude that plaintiff has failed to demonstrate that defendant's stated nondiscriminatory reason was pretextual or that discrimination was a motivating factor behind its decision not to rehire her. In response to the affidavits and other evidence submitted by defendant, plaintiff relies largely upon bare assertions in her brief which constitute no evidence at

all for summary judgment purposes.[2]  These assertions partly involve allegations that certain younger, white teachers were not treated similarly to plaintiff, but, even if the court were to accept bare assertions as valid summary judgment evidence (which they are not), the court would conclude that they were effectively rebutted by defendant's rebuttal brief.[3]  Defendant's motion for summary judgment is therefore due to be granted.

In light of the foregoing, defendant's motion for summary judgment is granted.

A separate judgment will be issued this date, pursuant to Fed. R. Pro. 58.

SO ORDERED, this the 7th day of May, 2008.


**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[2]Plaintiff's response repeatedly cites various pages of "Exhibit B" in support of her assertions therein, but the docket in this case reveals no exhibits submitted by plaintiff.  It appears that plaintiff is referring to the Exhibit B submitted by defendant, which exhibit includes excerpts from plaintiff's deposition.  However, plaintiff repeatedly cites pages of the deposition which were not submitted to the court, and this constitutes no evidence at all for summary judgment purposes.

[3]In its rebuttal brief, defendant follows plaintiff's lead in making assertions of fact, unsupported by citations to the record, regarding whether the white teachers in question were qualified.  The court will assume that neither party is lying to the court regarding this evidence, but the fact remains that neither party has submitted actual record excerpts regarding this issue. It is clear that the issue of the qualifications (or lack thereof) of the white employees is one as to which plaintiff, rather than defendant, has the burden of proof, since it relates to plaintiff's attempts to establish that defendant's stated reasons for not rehiring her were a pretext for discrimination.  Thus, the lack of evidence on this issue is properly held against plaintiff, rather than defendant.  If this court were to decide this issue on the bare assertions made by the parties, then it would find the assertions in defendant's rebuttal brief to be more persuasive, but it is clear that there is no proper summary judgment evidence before the court on this issue.