UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BETTY PATTERSON                                                                                    Plaintiff

vs.                                                                         Civil Action No. 1:06CV339

ALCORN COUNTY SCHOOL
DISTRICT                                                                                          Defendant

## ORDER

This cause comes before the court on the motion of plaintiff, seeking for this court to reconsider its order granting summary judgment in this case. In seeking reconsideration, plaintiff partly restates arguments which were previously rejected by this court, and the court need not restate its analysis here. Plaintiff also relies upon an argument that this court failed to consider the EEOC report finding reasonable cause to believe that discrimination may have occurred. In particular, plaintiff relies upon a portion of the report which finds as follows:

> Evidence obtained during the course of the investigation indicates that Respondent (Alcorn County School District) has failed to hire Blacks as teachers. When there are vacancies, qualified black applicants are overlooked for preference of white applicants... Record evidence indicates that Respondent employs approximately 570 employees in the Alcorn County School System. Approximately five of those are Black and Respondent employs one Black teacher at the filing of this instant charge of discrimination... I have determined that the evidence obtained in the investigation establishes reasonable cause to believe that Charging Party (Patterson) was discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

It is surprising that plaintiff faults this court for not considering this report, since she never presented it to this court for review. Indeed, plaintiff continues to make reference to the EEOC report as "exhibit C," but she filed no exhibits to her summary judgment response, and the

1

only exhibit "C" on the docket is an Affidavit from Diane Whitaker filed by defendant. Plaintiff's failure to attach the actual report might be somewhat excusable if she had at least raised the statistical hiring data quoted above in her arguments in response to the motion for summary judgment, but she did not do so. Clearly, plaintiff can not expect this court to consider on reconsideration arguments which she did not even present to it originally.[1]

This court was generally aware that the EEOC had found reasonable cause to suspect discrimination in this case, and this fact caused the court to review the evidence in this case with a somewhat more forgiving eye towards plaintiff's case than would have otherwise been the case. The fact remains, however, that the court has before it a plaintiff who is not certified to teach special education, who received numerous complaints regarding her teaching performance, and who, partly as a result of those complaints, was shifted in the middle of a school year to another school. The bottom line is that this is a very weak case of discrimination, relative to the numerous such cases which have come before the court. If the specific findings of the EEOC had actually been submitted to this court for its review, then it might well have given greater deference to them, but broad statistics regarding Alcorn County's hiring practices are no substitute for actual proof of discrimination <u>in this case</u>. Regardless, this motion for reconsideration is the first time that plaintiff has raised these arguments relating to the statistical hiring practices of the Alcorn County School District, and they are therefore procedurally barred.

Based on the foregoing, the court concludes that this is a rather weak case of

---

[1] Indeed, plaintiff did not even submit this evidence when she initially filed her motion for reconsideration. It was not until this court's law clerk e-mailed the parties (after the motion to reconsider was filed) asking whether the evidence was to be found somewhere on the docket that plaintiff re-filed her motion to reconsider, with actual evidence attached.

discrimination which was made even weaker by plaintiff's failure to offer factual support for the arguments which she did make. Plaintiff's motion to reconsider will therefore be denied.

It is therefore ordered that plaintiff's motion to reconsider [38-1, 39-1] is denied.

SO ORDERED, this the 22nd day of May, 2008.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**